CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 04, 2024
LAURA A. AUSTIN, CLERK
BY:
/s/T. Taylor
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **DARRELL WASHINGTON, II,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00121 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VA. D.O.C.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Darrell Washington II, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, suing the Virginia Department of Corrections (VDOC) because he lost good conduct time after being found guilty of a disciplinary infraction.  Upon review of the record, I find that the action must be summarily dismissed as legally frivolous.

Washington alleges that on January 4, 2023, at River North Correctional Center (RNCC), officers failed to take action to protect him after he made them aware that an inmate housed in his area who had been convicted of a sexual offense had suffered a beating.  Washington further alleges that on January 5, 2023, certain RNCC officers made unspecified false statements on unspecified official documents "with the intent to cause serious harm" to him.  Compl. 4, ECF

No. 1.[1]  He does not allege any harm he suffered from these officers' unspecified actions.  As relief, Washington seeks restoration of forfeited good conduct time and monetary damages of over $30,000.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted.  28 U.S.C. § 1915A(b)(1).  Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  This rule also applies "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes."  *Id.* at 70 (citation omitted).  Because the VDOC is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983.  Since Washington's § 1983 claim cannot proceed against the VDOC as the only defendant he has named, I will summarily

---

[1]  Citations to the record in this Opinion refer to the page numbers assigned by the court's electronic filing system.

dismiss the action without prejudice under § 1915A(b)(1) as legally frivolous.[2]

Such a dismissal leaves Washington free to refile his claims in new and separate

civil actions if he can correct the deficiencies described in this opinion.

A separate Final Order will be entered herewith.

DATED:   November 4, 2024

/s/  JAMES P. JONES
Senior United States District Judge

---

[2]   I also note that the allegations in the current Complaint do not state any constitutional claim against any person acting under color of state law, as required to go forward with a § 1983 lawsuit.  First, the Complaint does not name any such person or describe conduct that he or she took that violated Washington's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by any person) (internal quotation marks and citation omitted).  Second, the court will not construct claims for the plaintiff from statements included in an attached collection of documents.  Rather, the Complaint itself must name the defendant person(s) and state facts concerning actions that each of them took in violation of the plaintiff's constitutional rights.